1  FENNEMORE CRAIG, P.C.
   Nancy March (No.012802)
2  One South Church Ave., Suite 1000
   Tucson, AZ  85701-1627
3  Telephone:  (520) 879-6800
   Facsimile:  (520) 879-6899
4  Email: nmarch@fclaw.com

5  Attorneys for Judgment Creditor Victoria
   Gunvalson
6

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9                FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 10  In re:<br><br>11  CATHERINE ANNE WILLIAMSON,<br><br>12<br>          Debtor.<br>13 | In Proceedings Under Chapter 13<br><br>Case No.  2:15-BK-15653-PS<br>            2:16-BK-00788-PS<br><br>(Jointly Administered) |
| 14  In re:<br><br>15  ROBERT LANCASTER WILLIAMSON,<br>   III,<br>16<br><br>          Debtor. | **OBJECTION OF JUDGMENT CREDITOR VICTORIA GUNVALSON TO CONFIRMATION OF SECOND AMENDED CHAPTER 13 PLAN** |

17          Judgment creditor, VICTORIA GUNVALSON ("Ms. Gunvalson"), objects to

18  confirmation of the "Chapter 13 Plan and Application for Payment of Administrative

19  Expenses (Second Amended)" (the "Chapter 13 Plan" or the "Plan") filed jointly by

20  debtors Catherine Anne Williamson and Robert Lancaster Williamson, III (collectively,

21  the "Debtors"), pursuant to 11 U.S.C. § 1325.  Debtor Robert Lancaster Williamson, III

22  ("Mr. Williamson") is ineligible for Chapter 13 relief because, as a professional poker

23  player, he does not have "regular income," as required under 11 U.S.C. § 109(e), to fund

24  his Chapter 13 Plan.  In addition, upon information and belief, Mr. Williamson has failed

25  to accurately account for his income and his non-exempt property in his sworn bankruptcy

26  statements and schedules.  As a result, he is significantly underfunding his Chapter 13

27  Plan, and Ms. Gunvalson asks the Court to deny confirmation.

28

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

12343049.1/042260.0001

Case 2:15-bk-15653-PS   Doc 66   Filed 12/05/16   Entered 12/05/16 15:19:32   Desc
Main Document   Page 1 of 7

## BACKGROUND

Ms. Gunvalson is the holder of a judgment issued by the District Court of Nevada for $132,641.00 in attorneys' fees against Mr. Williamson arising from a lawsuit about a failed business venture in Nevada.[1] As a result of their prior dealings and her attempts to execute on the judgment, Ms. Gunvalson has some knowledge of the Debtors' assets, and Mr. Williamson's income and business activities. Based on this knowledge, she asserts that Mr. Williamson is substantially understating his income and his assets and, therefore, the Debtors' proposed Chapter 13 Plan does not provide for payment of all of their disposable income for the benefit of their unsecured creditors; nor does it propose to pay unsecured creditors what they would receive in a Chapter 7 liquidation.

Specifically, the Debtors propose to fund their Plan with $1,845 per month for the final 54 months.[2] This is based on purported gross monthly income from "self-employment" of $10,000.00. This income (from playing poker and serving as a television commentator) is speculative and inexact at best, and dishonest at worst. Mr. Williamson admits that his income for calendar year 2015 was $154,000 and for 2014 was $537,885. The proposed monthly payment amount is less than the total of $1,960.00 the Debtors proposed to repay creditors ($1,750 from Mrs. Williamson and $210 from Mr. Williamson) when they were proceeding in separate Chapter 13 cases. No explanation is provided for this reduction.

## OBJECTION

### A.    Introduction.

Section 1325(a) of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 plan. Those requirements include that the plan must be proposed in good faith (§ 1325(a)(3)) and that the plan complies with the provisions of Chapter 13 and with the other applicable provisions of the Bankruptcy Code (§ 1325(a)(1). In addition, Section 1325(a)(4) requires that the value of property to be

---

[1]    This lawsuit is listed on Mr. Williamson's Statement of Financial Affairs.
[2]    The Debtors failed to make Plan payments during months 4 through 6 of their Plan.

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

12343049.1/042260.0001

2

Case 2:15-bk-15653-PS   Doc 66   Filed 12/05/16   Entered 12/05/16 15:19:32   Desc
Main Document      Page 2 of 7

distributed under the plan is at least as much as would be paid on such claim in a Chapter 7 bankruptcy. Section 1325(a)(6) requires that a plan be feasible. Finally, Section 1325(b)(1)(B) requires that, if an objecting unsecured creditor, such as Ms. Gunvalson, is not to be paid in full under a plan, the plan must provide that "all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." Ms. Gunvalson objects to confirmation of the Chapter 13 Plan because it violates Sections 1325(a)(1), (3), and (4), (6), and 1325(b)(1)(B).

### B. <u>The Plan Was Not Proposed In Good Faith and Does Not Comply With The Bankruptcy Code.</u>

Section 1325(a)(3) of the Bankruptcy Code requires that a Chapter 13 plan be proposed in good faith and not by any means prohibited by law. Similarly, Section 1325(a)(1) requires a plan to comply with the provisions of Chapter 13 and other applicable provisions of the Bankruptcy Code. The Ninth Circuit requires bankruptcy courts to apply a "totality of the circumstances" test in determining whether a plan is proposed in good faith. *See In re Metz*, 820 F.2d 1495, 1498 (9th Cir. 1987)(stating that, under some circumstances successive filings or low repayment plans can be indicative of bad faith). "A good faith test . . . should examine the intentions of the debtor and the legal effect of the confirmation of a Chapter 13 plan in light of the spirit and purposes of Chapter 13." *See In re Chinichian*, 784 F.2d 1440, 1444 (9th Cir. 1986) (ruling there was sufficient evidence to support a finding that the plan was not filed in good faith because it was designed to defeat state court litigation); *see also Goeb v. Heid In re Goeb*, 675 F.2d 1386 (9th Cir. 1982) (rejecting certain bright-line tests for bad faith). A number of factors in the present case combine to demonstrate that the Debtors' plan was proposed in bad faith.

The Plan was not proposed with the legitimate purpose of attempting to repay creditors an appropriate amount. Mr. Williamson is a professional poker player and does not have regular income, as required by 11 U.S.C. § 109(e). Instead of agreeing to devote

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

12343049.1/042260.0001

his future or "excess" poker earnings to repayment of creditors under his Chapter 13 Plan, he claims that his monthly earnings are a round $10,000.00, an amount that is considerably lower than his actual earnings over the last two year. The Debtors' Plan provides for payment of only $1,845.00 per month to pay their creditors. This proposed payment amount is less than the total payment amount previously proposed by Mrs. Williamson ($1,750.00) and Mr. Williamson ($210.00) in their separate plans.[3]

A plan that was filed with a good-faith intention to repay creditors would provide that excess earnings would be turned over to the Chapter 13 trustee for payment to creditors. This Chapter 13 Plan does not contain such a provision and it should not be confirmed under Section 1325(a)(1) and (3).

### C. The Debtors Have Not Shown Their Plan Satisfies the Best Interest of Creditors Test.

Section 1325(a)(4) requires a debtor to pay unsecured creditors at least as much as they would receive in a Chapter 7 liquidation of the debtor's assets. In the present case, the Debtors allege they satisfy this "best interest of creditors' test." *See* Chapter 13 Plan at page 6. Upon information and belief, the Debtors continue to underestimate the value of their non-exempt assets. It defies common sense to believe that someone who earned over $500,000.00 as recently as 2014 would not own valuable non-exempt assets, and that a professional poker player would not have chips, bank accounts and other liquid assets above the exemption amount claimed.

Specifically, and as just one example, the Debtors list jewelry, including bracelets, four watches and a wedding band, valued at $5,900, only $1,550 of which they claim as exempt. Upon information and belief, Mr. Williamson has won a bracelet in the World Series of Poker that is not entitled to be claimed as exempt and that is likely worth far more than the $700 asserted, and the Debtors' wedding bands are likely worth more than

---

[3] The Court's Order at DE #53 allows the Debtors' Chapter 13 cases to be jointly administered; however, the Debtors' Motion to Consolidate their cases was specifically denied. The Plan appears to be a *de facto* consolidation of their estates in violation of the Court's order.

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

12343049.1/042260.0001

1 the amount asserted. Ms. Gunvalson also believes the Debtors' other jewelry is worth

2 significantly more than the listed amounts.

3 To the extent the Chapter 13 Plan does not provide for payments to general

4 unsecured creditors in an amount that is at least as high as they would receive in a Chapter

5 7 bankruptcy case, it violates Section 1325(a)(4) and cannot be confirmed.

6 **D.** **The Debtors Do Not Propose to Pay All of Their Projected Disposable Income toward the Claims of Unsecured Creditors.**

7

8 Mr. Williamson asserts he receives only $10,000 a month in income. This

9 projection is less than the amounts he earned in each of the last two years and

10 substantially less than he earned in 2014. As a professional poker player, Mr.

11 Williamson's income fluctuates from year to year and month to month. Notwithstanding

12 this uncertainty, the Debtors do not propose to pay to the Trustee, and ultimately to their

13 creditors, any earnings in excess of this low estimated amount.

14 Ms. Gunvalson is an unsecured creditor, she objects to confirmation of the Plan,

15 and she is not being paid in full under the Plan. Thus, pursuant to Section 1325(b)(1) of

16 the Bankruptcy Code, the Plan must provide that all of the Debtors' projected disposable

17 income will be applied to make payments to unsecured creditors under the plan. Because

18 it does not, it is not confirmable.

19 **E.** **The Debtors Have Not Demonstrated That Their Plan is Feasible.**

20 Alternatively, the Plan may not satisfy the feasibility requirements of 11 U.S.C.

21 § 1325(a)(6). The Debtors' residence is subject to a pending motion for stay relief, in

22 which the movant claims that the Debtors have missed seven (7) post-petition payments,

23 totaling $34,459.81. No provision has been made for these payments under the proposed

24 Plan. The Plan provides that mortgage payments will be made directly to the secured

25 creditor, and the amount of the monthly payment (at least $4,922.83) is significantly more

26 than the monthly amount paid to the Trustee. Therefore, it is clear that the Trustee has not

27 been collecting the mortgage payments.

28

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

12343049.1/042260.0001

Case 2:15-bk-15653-PS   Doc 66   Filed 12/05/16   Entered 12/05/16 15:19:32   Desc
Main Document      Page 5 of 7

5

1  In addition, the Debtors did not make payments during months 4 through 6 of the

2  plan.  Accordingly, there is substantial doubt as to whether the Plan is feasible,

3  particularly if increased payments are necessary to enable them to cure the arrearages on

4  their residence, and it should not be confirmed.

5  ### CONCLUSION

6  For all of the foregoing reasons, Ms. Gunvalson respectfully requests that this

7  Court deny confirmation of the Plan pursuant to 11 U.S.C. § 1325 and grant such

8  additional and other relief as is just and proper under the circumstances of this case.  Ms.

9  Gunvalson also reserves the right to supplement this Objection based upon any additional

10  evidence that comes to light.

11  DATED this 5th day of December, 2016.

12  FENNEMORE CRAIG, P.C.

13

14  By  /s/ *Nancy J. March* (No. 012802)
       Nancy J. March
15     Attorneys for Victoria Gunvalson

16

17  COPIES of the foregoing were sent
    as indicated this 5th day of December,
18  2016, to:

19  Mark Wesbrooks                          (email)
    15396 N. 83rd Ave.
20  Ste. C100
    Peoria, AZ 85381
21  wesbrooksefax@gmail.com
    Attorney for the Debtors

22  Russell Brown                           (first-class mail)
    Chapter 13 Trustee
23  Suite 800
    3838 N. Central Avenue
24  Phoenix, AZ 85012-1965

25  Robert Lancaster Williamson III         (first-class mail)
    Catherine Anne Williamson
26  2272 S. McClelland Place
    Chandler, AZ 85286
27  Debtors

28  . . .

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

12343049.1/042260.0001

1   Leonard J. McDonald                     (email)
Tiffany & Bosco P.A.
2   2525 East Camelback Road
Phoenix, AZ 85016
3   ljm@tblaw.com

4

5   /s/ *Susanne García*

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

12343049.1/042260.0001

Case 2:15-bk-15653-PS    Doc 66    Filed 12/05/16    Entered 12/05/16 15:19:32    Desc
Main Document    Page 7 of 7